ELSIE KOCH, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, November 5, 1931.

*Hiscock, Williams & Cowie* [*Daniel Scanlon* of counsel], for the appellant.

*Melvin & Melvin* [*Crandall Melvin* of counsel], for the respondent.

CROSBY, J.  Plaintiff received a verdict for $12,000 for injuries sustained by being struck by the engine hauling one of defendant's trains along Franklin street in the city of Syracuse.  The train was moving, at a rate variously estimated at from six to ten miles an hour, along a track so close to the westerly side of the street that there was a clearance of only four inches between the overhang of the engine and the nearest edge of the sidewalk.  Plaintiff's testimony, supported by two other witnesses, was to the effect that she was, and for some distance had been, walking southerly along the sidewalk, in the same direction in which the train was moving, and that she was not made aware of the presence of the train by signals or otherwise, and that, while she was aware of the tracks, she did not know whether they were railroad or street car tracks. She distinctly stated that she did not look for any train.  She testified that she was a stranger to the locality, was attentive to traffic generally, but was not looking or listening for trains in particular.

There being evidence sufficient to support a finding that defendant's engineer was negligent in not giving signals and otherwise using care for plaintiff's safety, the question of plaintiff's contributory negligence becomes the important one in the case.  If the plaintiff's evidence on the subject of how and where she was walking were undisputed the jury would be quite justified in finding her free from negligence.

However, defendant produced three witnesses, one of whom was in nowise connected with defendant, who testified that plaintiff walked across Franklin street in a diagonal direction, traveling southwesterly, and reached the defendant's track, and just got across it, in time to be struck by the overhang of the locomotive. This testimony, if believed by the jury, considered in connection with plaintiff's admission that she was paying no attention to trains, could easily lead to a finding that she was negligent.  This is particularly true, as defendant's track, north from the point of the accident, is straight for a considerable distance, and plaintiff, if walking in the direction claimed by defendant's witnesses, could easily have seen the train by turning her head very slightly to the

right, and, according to her own admission, she was aware of the presence of the railroad track and gave no especial heed to trains.

In this state of the testimony it was highly important that the trial court should have given the jury correct instructions on the duty of plaintiff to exercise the usual caution in crossing a railroad track. The point of crossing, according to defendant's witnesses, was not at a regular street crossing.

In its main charge the court gave general instructions on what the plaintiff must prove to entitle her to a recovery, defined negligence and contributory negligence, and correctly stated that the burden of proof was on the plaintiff as to both negligence and contributory negligence, but did not lay any stress on plaintiff's duty to look for trains when about to cross the railroad tracks, in fact did not mention the subject excepting in two places in the main charge. In one place he said: " You can see how important it is to determine where the plaintiff was at about the time of the happening of the accident or a few seconds before," and, at another point in his charge, he said: " If the version offered by the fireman is correct that these women *rushed across* in front of this on-coming engine *for the purpose of beating the engine across the track*, then this plaintiff would not be entitled to recover." (Italics mine.) But the defendant's witnesses did not testify that plaintiff " rushed " across the track " for the purpose of beating the engine," and defendant advanced no such theory. Defendant's claim was that plaintiff crossed the track without looking or listening, not that she executed a desperate plan to cross at all hazards. In other words, the court gave the jury only the choice between adopting the plaintiff's theory, as to where and how she was walking, and another theory not supported by the evidence and not advanced by anybody.

Even so, we should be disposed to hold that no prejudicial error had been committed had the matter passed unchallenged. But the jury's attention was again called to the matter when defendant's counsel took exceptions to the part of the charge hereinbefore discussed, and finally made a request in these words: " I ask the Court to charge the jury that if they find the women were crossing in a diagonal direction from the neighborhood of the post-office, crossing to the west side of Franklin Street and at the time they started to cross the engine was within view had they looked to the right, that then the plaintiff was guilty of contributory negligence in failing to see it." The court said: " I decline to charge further than I have already charged on that subject." Under all the circumstances hereinbefore discussed, we think it was prejudicial error for the court to refuse to make this charge. It needs no citation of authorities to prove that it is clearly the law that a

person crossing a railroad track, knowing that it is a railroad track, owes the duty to look for trains, and, as the court had not already covered the point, it should have charged as requested.

The judgment and order herein should be reversed on the law, and a new trial granted, with costs to the appellant to abide the event.

All concur, except THOMPSON, J., who dissents on the ground that the requests were not only covered in the main charge but were covered by requests to charge made by the attorney for the appellant previous to the request in question. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.